UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS STEPHENSON BOOTHE,<br>　　　　　Plaintiff,<br>　　v.<br>FOX ORTEGA ENTERPRISES, INC., et al.,<br>　　　　　Defendants. | Case No. 16-cv-00169-JCS<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　　Plaintiff Thomas Stephenson Boothe, a pro se plaintiff, filed this action on January 11, 2016, naming Fox Ortega Enterprises, Inc. and John E. Fox as defendants. Plaintiff consented the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). On February 12, 2016, Plaintiff filed a document entitled "Notice of Automatic Stay and Notice of Intent to Seek Relief from Stay to Maintain Action Against Individual Debtor." Docket No. 4 ("Notice of Stay"). In the Notice of Stay, Plaintiff informed the Court that the corporate defendant had filed for bankruptcy under Chapter 7 in the bankruptcy court of this District. Plaintiff stated that he intended to file a claim against the estate in the bankruptcy proceeding but that he "reserve[d] the right to seek relief from the automatic stay to maintain action personally against John Fox." *Id*.

　　　　An initial case management conference in this Action was scheduled for April 25, 2016. Because the bankruptcy stay applies only to the Debtor in the bankruptcy proceeding, that is, the corporate defendant, and does *not* apply to the individual defendant, Plaintiff was required to appear at the April 25, 2016 Case Management Conference. Plaintiff failed to appear and the Court issued an order to show cause why the case should not be dismissed for failure to appear and failure to follow the Court's order. A show cause hearing was set for May 7, 2016. Plaintiff again failed to appear. The complaint has not been served on either of the named defendants.

Accordingly, this case is dismissed without prejudice for failure to prosecute.[1]

**IT IS SO ORDERED.**

Dated: May 10, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of Defendants in order to properly dismiss claims brought in this action because Defendants have not been served, and, as a result, they are not parties. See *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); see also *United States v. Real Prop.*, 135 F.3d 1212, 1217 (8th Cir.1998) (holding that magistrate judge had jurisdiction to enter default judgment in in rem forfeiture action even though property owner had not consented to it because 18 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).